UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL JEWLER, *et al.*, <br><br>    PLAINTIFFS <br> vs. <br><br>DISTRICT OF COLUMBIA, *et al.*, <br><br>    DEFENDANTS | Civil Action No. 1:12-cv-1843 (RWR) |

## STATEMENT OF MATERIAL FACTS AS TO WHICH THERE EXISTS NO GENUINE DISPUTE

1. Plaintiffs Brian Eister and Samuel Jewler were arrested for Blocking Passage on April 13, 2012 while they were sitting on the sidewalk outside of a Bank of America branch at 1090 Vermont Ave., NW.  (Decl. Eister ¶ 1; Decl. Jewler ¶ 1; Ex. 4-5 Photographs.)

2. Plaintiffs Brian Eister and Samuel Jewler were sitting in a row parallel and immediately next to the outer wall of the building, taking up approximately 2.5' of the width of the sidewalk (Decl. Eister ¶ 1; Decl. Jewler ¶ 1; Ex. 1-3 Photographs.)

3. The sidewalk at 1090 Vermont Ave., NW, Washington, has a width of approximately 40'. (Decl. Eister ¶ 2; Decl. Jewler ¶ 2; Ex. 6 Street Widths.)

4. Plaintiff Brian Eister intends to engage in protests at other locations in the District of Columbia similar to the April 13, 2012 protest which led to his arrest. (Decl. Eister ¶ 1.)

5. At these future protests, Plaintiff Brian Eister intends to be stationary on a sidewalk, but not in such a way that he is completely blocking the sidewalk.  (Decl. Eister ¶ 3.)

1

6. At future protests, Plaintiff Brian Eister intends to disobey any illegal or unconstitutional dispersal order. (Decl. Eister ¶ 3.)

7. Plaintiff Brian Eister fears that he will be arrested, prosecuted, and convicted for disobeying any illegal or unconstitutional dispersal order issued to him at a future protest. (Decl. Eister ¶ 3.)

8. Plaintiff Samuel Jewler has been chilled and deterred from engaging in conduct similar to that which resulted in his arrest at the April 13, 2012 protest because he fears that he would be arrested, prosecuted, convicted, and incarcerated for such conduct. (Decl. Jewler ¶ 3.)

9. Plaintiff Samuel Jewler does not know what conduct law enforcement will consider to be "crowd[ing], obstruct[ing], or incommod[ing]" a sidewalk. (Decl. Jewler ¶ 4.)

10. Plaintiff Samuel Jewler does not know whether he would have to comply with an order to disperse at any First Amendment assembly in which he remains stationary on a sidewalk without completely blocking the sidewalk. (Decl. Jewler ¶ 4.)

11. Because Plaintiff Samuel Jewler does not want to face the choice between obeying an unconstitutional order and being unconstitutionally arrested, he is abstaining from attending First Amendment assemblies in which the protesters are planning to remain stationary on a sidewalk. (Decl. Jewler ¶ 4.)

12. If the Court clarified or struck down the Blocking Passage law, Plaintiff Samuel Jewler would resume attending protests in which protesters remain stationary on the sidewalk but do not completely block the sidewalk. (Decl. Jewler ¶ 5.)

13. A Metropolitan Police Department officer threatened to arrest a solo musician, Bill Hassay, Jr., performing at the corner of Wisconsin and M Streets, N.W. The officer

said the musician was blocking the sidewalk, since "pedestrians need the full width." (Ex. 7.)

  /s/ Jeffrey Light

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

*Counsel for Plaintiffs*