UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL JEWLER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.*, <br><br> Defendants. | Civil Action No. 12-1843 (PLF) |

## JOINT STATEMENT

Plaintiffs in this case are eleven individuals associated with the Occupy Movement in the District of Columbia (the District) who were arrested in front of the Bank of America located at 1090 Vermont Ave., N.W., between April 10 and 13, 2012, and charged with crowding, obstructing, or incommoding the use of a District sidewalk in violation of D.C. Code § 22-1307(a). Defendants are the District, the Attorney General, the Chief of Police, and 19 Metropolitan Police Department (MPD) officers and officials involved in plaintiffs' arrests (District Defendants or District); Bank of America and its Vice President of Corporate Security, Joseph Massey (Bank Defendants); and the John Akridge Company, which managed the property where the arrests occurred, and three of its employees (Akridge Defendants).

The First Amended Complaint (Complaint) alleges the following causes of action: (i) false arrest and false imprisonment; (ii) abuse of process; (iii) negligent training and supervision; (iv) retaliatory arrest in violation of the First Amendment; (v) arrest without probable cause in violation of the Fourth Amendment; (vi)

intentional differential treatment in violation of the Equal Protection Clause of the Fifth Amendment; and (vii) constitutional vagueness and overbreadth in violation of the Due Process Clause of the Fifth Amendment and First Amendment, respectively. Each claim is brought against the Bank Defendants and Akridge Defendants on a civil conspiracy theory.[1]

Between February 28, and March 8, 2013, the Bank Defendants, Akridge Defendants, and District Defendants moved separately to dismiss the Complaint. [Dkt. Nos. 48, 51, 54]. Plaintiffs, and the ACLU as *amicus*, opposed, [Dkt. Nos. 60, 61, 63; Dkt. Nos. 56, 77], and defendants filed replies, [Dkt. Nos. 66, 67, 68]. Plaintiffs then filed two motions: Plaintiffs' Motion for an Extension of Time, *Nunc Pro Tunc*, to Respond to the District Defendants' Motion to Dismiss [Dkt. No. 69], and Plaintiffs Jewler and Eister's Cross-Motion for Partial Summary Judgment [Dkt. No. 71]. The Motion for an Extension of Time sought leave to file the Cross-Motion for Partial Summary Judgment, which responded for the first time to the arguments in the District's motion regarding the facial constitutionality of D.C. Code § 22-1307(a).

Accordingly, the following five[2] motions are currently pending before this Court (listed here in the order filed):

---

[1] Plaintiffs argued, through their opposition briefing, that the Bank Defendants and Akridge Defendants may also be liable on a theory of aiding and abetting. Dkt. Nos. 60, 61.

[2] The Court's April 5, 2016 Minute Order listed ECF Docket Numbers 48, 51, 45, and 71 as the motions currently pending decision. For purposes of this filing, the parties assume the Court included Mr. Muckenfuss' Motion for Leave to Appear *Pro Hac Vice* [Dkt. No. 45], which was previously granted on May 22, 2013, and omitted the District's Motion to Dismiss [Dkt. No. 54], in error. Additionally, plaintiffs' Motion for an Extension of Time, *Nunc Pro Tunc* [Dkt. No. 69], is

1. The Bank Defendants' Motion to Dismiss [Dkt. No. 48];

2. The Akridge Defendants' Motion to Dismiss [Dkt. No. 51];

3. The District's Motion to Dismiss [Dkt. No. 54];

4. Plaintiffs' Motion for an Extension of Time, *Nunc Pro Tunc*, to Respond to the District Defendants' Motion to Dismiss [Dkt. No. 69]; and

5. Plaintiffs Jewler and Eister's Cross-Motion for Partial Summary Judgment [Dkt. No. 71].

By Minute Order dated April 5, 2016, the Court set these motions for oral argument and directed the parties to confer and file a joint statement by May 26, 2016, identifying the major issues for argument and indicating how much time (out of 40 minutes per side) the parties will allocate to each issue. The parties respond to the Court's order as follows.

Issue 1:  Whether Plaintiffs Jewler and Eister's Cross-Motion for Partial Summary Judgment is properly before the Court or, conversely, whether the claims addressed therein were waived due to plaintiffs' failure to respond to the arguments in the District's Motion to Dismiss regarding the facial constitutionality of D.C. Code § 22-1307(a). (Plaintiffs: 1.5 minutes; defendants: 2.5 minutes.)

Issue 2:  Whether plaintiffs alleged a civil conspiracy or aiding and abetting claim against any of the individual defendants. (Plaintiffs: 3.5 minutes; defendants: 2.5 minutes.)

---

currently pending but was not included in the Court's Minute Order. Defendants assume this too was inadvertent error.

Issue 3: Whether the MPD officers and officials directly involved in plaintiffs' arrests are entitled to qualified immunity on the constitutional claims[3] alleged against them. (Plaintiffs: 7 minutes; defendants: 10 minutes.)

Issue 4: Whether plaintiffs have alleged a plausible basis for *Monell* liability in support of their constitutional claims against the District. (Plaintiffs: 5 minutes; defendants: 2.5 minutes.)

Issue 5: If plaintiffs have not waived their claims regarding the facial constitutionality of D.C. Code § 22-1307(a), whether the law is vague or overbroad such that it violates the Due Process Clause of the Fifth Amendment or First Amendment, respectively. (Plaintiffs: 15 minutes; defendants: 7.5 minutes.)

Issue 6: Whether plaintiffs otherwise alleged facts sufficient to state any causes of action against the Bank Defendants. (Plaintiffs: 5 minutes; defendants: 5 minutes.)

Issue 7: Whether plaintiffs otherwise alleged facts sufficient to state any causes of action against the Akridge Defendants. (Plaintiffs: 3 minutes; defendants: 5 minutes.)

In addition to these time allocations, defendants respectfully reserve five minutes for rebuttal argument and closing remarks.

---

[3] The constitutional claims alleged against the individual MPD defendants are retaliatory arrest in violation of the First Amendment, arrest without probable cause in violation of the Fourth Amendment, and intentional differential treatment in violation of the Equal Protection Clause of the Fifth Amendment.

4

DATE: May 25, 2016.

*Counsel for Plaintiffs:*

/s/ Jeffrey L. Light
JEFFREY L. LIGHT [485362]
1712 Eye Street N.W., Suite 915
Washington, D.C. 20006
Phone: (202) 277-6213
Email: jeffrey.light@yahoo.com

/s/ Joseph Creed Kelly
JOSEPH CREED KELLY [980286]
1712 Eye Street, N.W., Suite 915
Washington, D.C. 20006
Phone/Fax: (202) 540-9021
Email: jck@jcklegal.com

Respectfully Submitted,

*Counsel for the District Defendants:*

KARL A. RACINE
Attorney General for the District of Columbia

ELIZABETH SARAH GERE
Deputy Attorney General
Public Interest Division

/s/ Fernando Amarillas
FERNANDO AMARILLAS [974858]
Acting Chief, Equity Section

/s/ Matthew R. Blecher
MATTHEW R. BLECHER [1012957]
AMANDA J. MONTEE [1018326]
Assistant Attorneys General
441 Fourth Street, N.W., Suite 600S
Washington, D.C. 20001
Phone: (202) 442-9774; (202) 724-5691
Email: matthew.blecher@dc.gov
       amanda.montee@dc.gov

*Counsel for the Bank Defendants:*

/s/ Robert A. Muckenfuss
ROBERT A. MUCKENFUSS [*pro hac vice*]
JODIE HERRMANN LAWSON [988865]
McGuireWoods LLP
201 North Tyron Street, Suite 3000
Charlotte, NC 28202-2146
Phone: (704) 343-2392; (704) 343-2329
Fax: (704) 444-8785; (704) 444-8785
Email: rmuckenfuss@mcquirewoods.com
       jlawson@mcguirewoods.com

*Counsel for the Akridge Defendants:*

/s/ Jeffrey A. Wothers
JEFFREY A. WOTHERS [436137]
Niles, Barton & Wilmer, LLP
111 S. Calvert Street, Suite 1400

5

Baltimore, MD 21202
Phone: (410) 783-6365; (410) 783-6366
Email: sdbaker@nilesbarton.com