**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAMUEL JEWLER, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 1:12-cv-1843 (PLF) |
| DISTRICT OF COLUMBIA, *et al.*, | |
| Defendants. | |

## <u>BANK DEFENDANTS' AND AKRIDGE DEFENDANTS' OPPOSITION TO MOTION FOR FINAL JUDGMENT</u>

Defendants Bank of America, N.A. and Joseph Massey ("Bank Defendants") and defendants The John Akridge Company, Phillip McGovern, Kathleen McKeon, and Judy Oakley ("Akridge Defendants," together with the Bank Defendants are collectively referred to as "Defendants") file this Opposition to Plaintiffs' Motion for Final Judgment Pursuant to Rule 54(b) as to Bank Defendants and Akridge Defendants (the "Motion").

## I.    INTRODUCTION

Plaintiffs' claims against Defendants cannot be fully extricated from those remaining in this case, and therefore the Court should deny the Motion seeking an immediate appeal of the Court Order granting Defendants' motions to dismiss.  The allegations against Defendants in Plaintiffs' Amended Complaint exemplified an improper attempt – on multiple levels – to sweep Defendants into their challenge to the constitutionality of the District of Columbia Blocking Passage Law, D.C. Code § 22-1307 ("Blocking Passage Law").  As this Court has already determined, Plaintiffs failed to plausibly link Defendants to any alleged conspiracy to violate Plaintiffs' constitutional rights and failed to sufficiently allege any theory of direct liability against Defendants.

Nevertheless, the constitutionality of the Blocking Passage Law, which this Court has not yet determined, remains at issue and still could potentially impact Defendants.   Indeed, Defendants also argued that Plaintiffs' civil conspiracy claim should be dismissed for the additional reason that the Blocking Passage Law was constitutional and, therefore, there was no unlawful objective which would be required to state a conspiracy claim.   This argument is yet another reason that the Complaint failed to state a claim against Defendants.   Should an appeal be taken at this time, Defendants will rely on this theory as an alternative basis to support the order granting the motions to dismiss which would be reviewed by the Court of Appeals *de novo*. This would essentially require the appellate court to decide the constitutionality of the Blocking Passage Law before this Court has even reached a decision on the issue.   Such a piecemeal appeal should not be permitted, and therefore the Court should deny the Motion.

## II.    LEGAL STANDARD

Under Rule 54(b), "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. Rule 54(b). "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).   Rather, "a district court must take into account judicial administrative interests" to ensure "that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Id.*   The Court also considers the equities involved.  *Id.*

"Whether a case is one of the 'exceptional cases' qualifying for Rule 54(b) certification is a decision that falls within the discretion of the district court, which is 'most likely to be familiar

with the case and with any justifiable reasons for delay.'" *Chaplaincy of Full Gospel Churches v. England*, 221 F.R.D. 255, 258-59 (D.D.C. 2004) (determining that certification was improper where, although dismissed claims were "in some sense separable" from the remaining claims, the dismissed claims raised issues common to the remaining claims which "weigh[ed] heavily against a piecemeal appeal" and plaintiffs' interest in appealing the dismissed claims as soon as possible did not outweigh the need to avoid piecemeal appeals) (citations omitted).

The Court of Appeals will conduct a *de novo* review of the Order granting the motions to dismiss Defendants from this case. *See King v. Jackson*, 487 F.3d 970, 971-72 (D.C. Cir. 2007) (applying *de novo* standard to the district court's decision granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)).

## III.    ARGUMENT

The constitutionality of the Blocking Passage Law was raised by Defendants as an alternative ground for dismissal of the conspiracy theory alleged against Defendants. Because this issue has not yet been decided by the Court, the Court should deny the Motion.

Plaintiffs argue that this Court's order dismissing Plaintiffs' claims against Defendants is appropriate for Rule 54(b) certification because there are no conspiracy claims alleged against the remaining defendants and the adjudication of the remaining issues in the case will not change whether or not the First Amended Complaint adequately alleged the requisite knowledge on the part of Defendants. Motion at 2. While there are no conspiracy claims alleged against the remaining defendants in the case, this supposition ignores Defendants' alternative theories (which could be considered by the Court of Appeals conducting a *de novo* review) supporting the motions to dismiss the causes of action alleged against them on a civil conspiracy theory which included (Count 1) false arrest and imprisonment, (Count II) abuse of process, (Count IV)

violation of First Amendment pursuant to § 1983, (Count V) violation of the Fourth Amendment, and (Count V[sic]) violation of the Fifth Amendment pursuant to §1983.

Specifically, the Bank Defendants argued that Plaintiffs' civil conspiracy claim failed because Plaintiffs had not alleged an unlawful objective of the conspiracy.   (*See* Bank Defendants Mem. Supp. Mot. Dismiss Am. Compl., ECF No. 48-1, at 9.)   Indeed, the Bank Defendants argued that "[t]here can be no conspiracy because the conspiracy, according to Plaintiffs, 'consisted of an agreement to have Lt. Larry Scott give a dispersal order and then have his officers arrest any protesters that did not leave,' which is supported by the Blocking Passage law." (*Id.*; Akridge Defendants' Mem. Supp. Mot. Dismiss Am. Compl., ECF No. 51-1 (incorporating by reference D.C. Defendants' arguments concerning the constitutionality of the blocking passage law)); *see also In re Sealed Case*, 223 F.3d 775, 779 (D.C. Cir. 2000) ("[A] hunter cannot be convicted of attempting to shoot a deer if the law does not prohibit shooting a deer in the first place. Obviously a charge of conspiracy to shoot a deer would be equally untenable.").

The Court has not decided the constitutionality of the Blocking Passage Law.  That issue is common to both Defendants' motions to dismiss and the remaining claims against the remaining defendants.   The Court of Appeals will conduct a *de novo* review of any appeal taken from the order granting Defendants' motions to dismiss and Defendants may rely on that alternative theory to support the holding of this Court if any appeal is taken.  If the Court grants the Motion, the appellate court may potentially hear the constitutionality arguments twice and before this Court has even decided the constitutionality of the Blocking Passage Law in the first instance.  This is the epitome of a piecemeal appeal and a waste of judicial resources that Federal Rule 54 is designed to prevent, and therefore the Motion should be denied.  *See, e.g.*, *Stewart v.*

*Gates*, 277 F.R.D. 33, 36 (D.D.C. 2011) (declining to grant motion for entry of final judgment where the "case simply d[id] not present exceptional circumstances that would warrant entry of final judgment"); *Fox v. D.C.*, 297 F.R.D. 550, 551-52 (D.D.C. 2013) (case was not an "exceptional" case warranting Rule 54(b) certification where many of the issues in remaining cases would be identical to those dismissed).

## IV.     CONCLUSION

The constitutionality of the Blocking Passage Law has not yet been decided by the Court and it is an alternative ground advanced by Defendants for dismissal.  It would be improper for the Court of Appeals to consider the constitutionality of the Blocking Passage Law before this Court has even decided the issue.  To prevent the waste of judicial resources and potential for inconsistent decisions, the Motion should be denied.


This the 8th day of July, 2016.                  /s/ Jodie Herrmann Lawson
                                                   Robert A. Muckenfuss [admitted *pro hac vice*]
                                                   Jodie Herrmann Lawson [DC Bar # 988865]
                                                   McGuireWoods LLP
                                                   201 North Tryon Street, Suite 3000
                                                   Charlotte, NC 28202-2146
                                                   T:   +1 704.343.2000
                                                   F:   +1 704.343.2300
                                                   rmuckenfuss@mcguirewoods.com
                                                   jlawson@mcguirewoods.com

                                                   James. J. Holt [DC Bar # 1002796]
                                                   McGuireWoods LLP
                                                   1750 Tysons Boulevard
                                                   Tysons, Virginia 22102
                                                   Phone: (703) 712-5465
                                                   Fax: (703) 712-5265
                                                   jholt@mcguirewoods.com

                                                   *Attorneys for Defendants Bank of America N.A. and Joseph Massey*

Jeffrey A. Wothers [DC Bar # 436137]
Niles, Barton & Wilmer, LLP
111 S. Calvert Street, Suite 1400
Baltimore, MD 21202
Phone: (410) 783-6365;(410) 783-6366
jawothers@nilesbarton.com

*Attorneys for Defendants John Akridge Company,
Philip J. McGovern, Kathleen McKeon, and Judy
Oakley*

## CERTIFICATE OF SERVICE

I hereby certify that on **July 8, 2016**, I electronically filed the **BANK DEFENDANTS' AND AKRIDGE DEFENDANTS' OPPOSITION TO MOTION FOR FINAL JUDGMENT** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

      Jeffrey L. Light, Esq.
      Joseph Creed Kelly, Esq.
      1712 Eye Street NW
      Suite 915
      Washington, DC 20006

      Jeffrey@lawofficejeffreylight.com
      Joseph Creed Kelly, Esq.
      1712 Eye Street NW
      Suite 915
      Washington, DC 20006
      jck@jcklegal.com

      *Counsel for Plaintiffs*

                    /s/ Jodie Herrmann Lawson
                    Jodie Herrmann Lawson [DC Bar # 988865]