UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
SAMUEL JEWLER, et al.,                  )
                                        )
        Plaintiffs,                     )
                                        )
        v.                              )        Civil Action No. 12-1843 (PLF)
                                        )
DISTRICT OF COLUMBIA, et al.,           )
                                        )
        Defendants.                     )
_____ )


MEMORANDUM OPINION

        This matter is before the Court on plaintiffs' Motion for Final Judgment pursuant

to Rule 54(b) of the Federal Rules of Civil Procedure as to defendants Bank of America, N.A.

and Joseph Massey ("bank defendants"), as well as the John Akridge Company, Phillip

McGovern, Kathleen McKeon, and Judy Oakley ("Akridge defendants") [Dkt. 87].[1]  The Court

will grant the motion.

        Plaintiffs in this case stated various claims against the bank and the Akridge

defendants on the central theory that they conspired with one another and with the District of

Columbia to have plaintiffs unlawfully arrested.  Complaint ¶¶ 84-87.  The bank and the Akridge

defendants each moved to dismiss all claims against them under Rule 12(b)(6) of the Federal

---

[1]        The papers considered in connection with the issues pending include the First
Amended Complaint [Dkt. 16]; Bank of America, N.A. and Joseph Massey's Memorandum of
Law in Support of Motion to Dismiss Amended Complaint ("Bank Defendants' MTD") [Dkt.
48-1]; Memorandum of Points and Authorities in Support of the Akridge Defendants' Motion to
Dismiss ("Akridge Defendants' MTD") [Dkt. 51-1]; Order of June 21, 2016 [Dkt. 86]; Plaintiffs'
Motion for Final Judgment Pursuant to Rule 54(b) as to Bank Defendants and Akridge
Defendants ("Mot.") [Dkt. 87]; Bank Defendants' and Akridge Defendants' Opposition to
Motion for Final Judgment ("Opp.") [Dkt. 88]; and Plaintiffs' Reply to Bank and Akridge
Defendants' Opposition to Plaintiffs' Motion for Final Judgment ("Reply") [Dkt. 90].

Rules of Civil Procedure.  Bank Defendants' MTD (Feb. 28, 2013) [Dkt. 48-1]; Akridge

Defendants' MTD (Feb. 28, 2013) [Dkt. 51-1].  The Court heard oral argument on those motions

on June 9, 2016, and issued an oral opinion from the bench dismissing with prejudice all claims

against the bank and the Akridge defendants.  In brief, the Court's oral opinion reasoned that

plaintiffs failed to state a plausible civil conspiracy claim under Ashcroft v. Iqbal, 556 U.S. 662

(2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), against each of the bank and the

Akridge defendants.   Specifically, the First Amended Complaint lacked plausible allegations

that those defendants had "a 'meeting of the minds' as to some unlawful purpose," which is "an

essential element of a civil conspiracy claim[.]"  Sculimbrene v. Reno, 158 F. Supp. 2d 8, 16

(D.D.C. 2001) (quoting Graves v. United States, 961 F. Supp. 314, 320 (D.D.C. 1997)).  The

Court subsequently issued an Order memorializing its oral opinion.  Order (June 21, 2016) [Dkt.

86].  Plaintiffs now move to certify that Order for immediate appellate review pursuant to Rule

54(b) of the Federal Rules of Civil Procedure.

   "Normally, an order in a case involving multiple claims or defendants is not final

(and therefore not appealable) until the district court has 'disposed of all claims against all

parties.'"  United States v. All Assets Held in Account No. XXXXXXXX, 314 F.R.D. 12, 14

(D.D.C. 2015) (quoting Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc., 630 F.3d 217,

221 (D.C. Cir. 2011).  "This approach avoids piecemeal appellate review and also 'protects the

district court's independence, prevents multiple, costly, and harassing appeals, and advances

efficient judicial administration.'"  Cincinnati Ins. Co. v. All Plumbing, Inc., 812 F.3d 153, 156

(D.C. Cir. 2016) (quoting Blue v. District of Columbia Pub. Sch., 764 F.3d 11, 15 (D.C. Cir.

2014)).  Rule 54(b), however, allows the district court to "direct entry of a final judgment as to

one or more, but fewer than all, claims or parties" upon an express finding that "there is no just

reason for delay." FED. R. CIV. P. 54(b).  "Absent an express determination that the District

Court has entered final judgment because there is no [just] reason for delay, the Court of Appeals

lacks jurisdiction to review an Order the [sic] decides fewer than all the claims for relief."

Detroit Int'l Bridge Co. v. Gov't of Canada, 53 F. Supp. 3d 28, 31 (D.D.C. 2015) (quoting

Blackman v. District of Columbia, 456 F.3d 167, 175-76 (D.C. Cir. 2006)).

       An order is "final" within the meaning of Rule 54(b) if it is the "ultimate

disposition of an individual claim entered in the course of a multiple claims action."  Curtiss-

Wright Corp. v. General Elec. Co., 446 U.S. 1, 7 (1980).  "[I]n deciding whether there are no just

reasons to delay the appeal of individual final judgments [], a district court must take into

account judicial administrative interests as well as the equities involved," including "such factors

as whether the claims under review were separable from the others remaining to be adjudicated

and whether the nature of the claims already determined was such that no appellate court would

have to decide the same issues more than once even if there were subsequent appeals."  Id. at 8;

see also Brooks v. Dist. Hosp. Partners, L.P., 606 F.3d 800, 806 (D.C. Cir. 2010).  "The D.C.

Circuit has directed the district courts to 'supply a statement of reasons' when ruling on a motion

under Rule 54(b)."  Detroit Int'l Bridge Co. v. Gov't of Canada, 53 F. Supp. 3d at 31 (quoting

Taylor v. F.D.I.C., 132 F.3d 753, 761 (D.C. Cir. 1997)).

       The Court will certify its June 21, 2016 Order dismissing with prejudice all

claims against the bank and the Akridge defendants.  The Order is "final" with respect to the

bank and the Akridge defendants because the Court dismissed the entire complaint against those

defendants with prejudice.  See Order at 2 (June 21, 2016) [Dkt. 86].  The plaintiffs recently

amended their complaint to "remove[]" the bank and the Akridge defendants "because the Court

granted their previous motion to dismiss with prejudice," leaving no further basis for them to participate in the litigation.  See Second Amended Complaint at 1 n.1 (July 15, 2016) [Dkt. 89].

There is also no just reason to delay appellate review.  The bank and the Akridge defendants oppose Rule 54(b) certification because they argue that a just reason to delay plaintiffs' appeal is the risk of duplicative appeals.  Opp. at 2.  They suggest that in plaintiffs' appeal to the D.C. Circuit they will present the issue of the constitutionality of D.C. Code § 22-1307 (2012 Repl.) ("blocking passage statute") as an "additional reason" or "alternative basis to support the order granting the motions to dismiss."  Opp. at 2.  The constitutionality of the blocking passage statute remains at issue in this case because Count IV of plaintiffs' second amended complaint alleges that the District of Columbia is liable as a municipality under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), for "ma[king] and enforce[ing] the [b]locking [p]assage law," a statute that plaintiffs argue is unconstitutional.  See Second Amended Complaint ¶¶ 221-22 (July 15, 2016) [Dkt. 89].

The argument of the bank and the Akridge defendants has some merit but ultimately is unpersuasive.  They are correct that the D.C. Circuit would review plaintiffs' appeal de novo, Int'l Union, Sec., Police & Fire Professionals of Am. v. Faye, --- F.3d ----, 2016 WL 3853871, at *1 (D.C. Cir. July 15, 2016), and certainly it "can affirm a judgment on any basis adequately preserved in the record below," U.S. ex rel. Heath v. AT & T, Inc., 791 F.3d 112, 123 (D.C. Cir. 2015), including one not relied upon by this Court.[2]  If plaintiffs successfully persuade the D.C. Circuit that their complaint pled a plausible civil conspiracy claim against the bank and the Akridge defendants under Iqbal and Twombly, however, this Court thinks that it is

---

[2]     The bank and the Akridge defendants preserved in their motions to dismiss the argument that there could not be a civil conspiracy because the blocking passage statute was constitutional.  See Bank Defendants' MTD at 9 (Feb. 28, 2013) [Dkt. 48-1]; Akridge Defendants' MTD at 11 (Feb. 28, 2013) [Dkt. 51-1].

exceedingly unlikely that the court of appeals would take any action other than to reverse and remand to this Court.  Even in the unlikely event that the D.C. Circuit were to accept the invitation of the bank and the Akridge defendants to reach out and address the constitutionality of the blocking passage statute and then was to find its constitutionality an "alternative basis" to affirm this Court's dismissal, the D.C. Circuit's decision on the matter would be final; so the D.C. Circuit would not have to "decide the same issue[] more than once even if there were subsequent appeals."  <u>Wright Corp. v. General Elec. Co.</u>, 446 U.S. at 8.

   The Court also is persuaded that the equities weigh in favor of granting plaintiffs' motion for Rule 54(b) certification.  The bank and the Akridge defendants allege no prejudice to them, only the risk of duplicative appeals discussed above — or perhaps that the D.C. Circuit would simultaneously be considering the same issue on appeal while this Court is addressing it with respect to the remaining defendants (the District of Columbia and employees of the District of Columbia, named in their individual capacities).  Plaintiffs just recently amended their complaint with the consent of the remaining defendants, which suggests that it will be some time before this Court enters final judgment with respect to them.  To delay plaintiffs' appeal of this Court's Order dismissing the bank and the Akridge defendants would needlessly prolong a determination of whether there is any way for plaintiffs ever to vindicate their rights against the bank and the Akridge defendants.

For the foregoing reasons, the Court expressly finds that there is no just reason to delay the entry of final judgment.  The Court will issue an Order consistent with this Memorandum Opinion this same day.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  July 28, 2016